UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GLORIA J. HOEGH,

      Plaintiff,

v.                                                              Case No:   6:15-cv-118-Orl-18TBS

EMERSON R. THOMPSON, CYNTHIA Z.
MACKINNON, WILLIAM D. PALMER,
VINCENT G. TORPY, JR.   and KERRY I.
EVANDER,

      Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is *pro se* Plaintiff Gloria Hoegh's application to proceed in district court without prepaying fees or costs, which the court construes as a motion to proceed *in forma pauperis*.   (Doc. 3).   After due consideration I respectfully recommend that the district court **deny** the motion and **dismiss** Plaintiff's complaint with prejudice.

### Background

This lawsuit is an outgrowth of a residential mortgage foreclosure action filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2003-CA-4252-O.   In order to better understand the procedural setting of this case, I have obtained and reviewed a copy of the state court Register of Actions.   The Register is a docket sheet from which I can tell when pleadings and papers were filed and when certain events occurred but, I do not have access to the pleadings and papers to know what they say.   The facts in this paragraph come from the Register.   The state court case was initiated by U.S. Bank National Association on April 29, 2003.   The defendants included Plaintiff Gloria J. Hoegh who vigorously defended the action.   Circuit Judge

Emerson Thompson presided at the May 26, 2011 non-jury trial.   It appears that the plaintiff prevailed because a notice of sale and proof of publication were docketed and unidentified defendants motioned the state court to strike the notice of sale.   On August 23, 2011, the foreclosure sale was cancelled after the clerk received notice that an unidentified party had filed bankruptcy.   Appeal was also taken by an unidentified party or parties to the Fifth District Court of Appeal.   On March 11, 2013, someone filed a motion to reschedule the foreclosure sale and on March 18, 2013, the Fifth District's mandate (holding unknown), was affirmed.   The foreclosure sale was rescheduled to June 18, 2013.   On the day of the sale, someone filed bankruptcy and the sale was cancelled.   On October 7, 2013, the state court reset the foreclosure sale for November 7, 2013.   The sale was completed and a certificate of sale was issued.   Objections to the sale were filed, a hearing was held, the objections were overruled, and the state court clerk issued the certificate of title on July 14, 2014.   On August 15, 2014, the state court ordered the issuance of a writ of possession, and Plaintiff filed her notice of appeal that same day.   Plaintiff's appeal was dismissed on September 2, 2014, the writ of possession was issued and posted on September 4, 2014.

Plaintiff's complaint alleges that she resides in the property that was the subject of the foreclosure action.   (Doc. 1, ¶ 2).   Her complaint includes a copy of a Final Summary Judgment in Favor of Defendant that was entered on November 8, 2010.   (Doc. 2 at 3-5). The judgment recites that plaintiff willfully failed to appear at an October 20, 2010 hearing.   (Id. at 3).   In the judgment, Judge Thompson found that the promissory note upon which the state court action was based was a forgery, and he dismissed plaintiff's actions to reestablish the note and foreclose the mortgage with prejudice.   (Id. at 4). The Register shows that there was a hearing on October 20, 2010 but, the judgment

relied upon by Plaintiff does not appear in the Register.   Plaintiff alleges that the November 8, 2010 judgment is final, and concluded the state court case in her favor. (Doc. 1, ¶¶ 12, 14).

She contends that the judgment divested the state court of jurisdiction and she complains that while lacking jurisdiction, Defendant Thompson granted City Property Holdings, Inc. a final judgment of foreclosure, which was upheld on appeal by Defendants Palmer, Torpy, and Evander. (Id., ¶¶ 15-17). On July 28, 2014, Plaintiff filed a motion to vacate and void all judgments entered after November 8, 2010, which was stricken by the clerk of the state court. (Doc. 2 at 58).

She alleges: "The case is on appeal (Florida Supreme Court case 14-1578)."   (Id., ¶ 6(D)).   On January 30, 2015, I visited the Florida Supreme Court's website and found that in fact, the underlying state court case is on appeal to that court.[1]  Plaintiff now demands a jury trial and invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983, as well as the 4th, 5th, and 14th Amendments to the Constitution. (Doc. 1, ¶ 24).   She seeks damages for "emotional, physical and conjugal injury" suffered for the past twelve years and asks this Court to enforce the November 8, 2010 final judgment. (Id., ¶ 25).

## Discussion

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that she "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1).   Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis*, the Court has authority, pursuant to 28 U.S.C. §1915(e)(2), to review her complaint to determine whether it should be dismissed.   Section 1915(e) provides that a

---

[1] Jweb.flcourts.org/pls/docket/ds_docket.

district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.  Id. § 1915(e)(2).

Federal district courts are courts of limited jurisdiction.  As a general matter, an action must be dismissed if the Court lacks subject matter jurisdiction.  See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998).  Parties seeking to invoke a federal district court's jurisdiction must show that the underlying claim is based upon either diversity jurisdiction[2] or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States").  See 28 U.S.C. §§ 1331-1332.  A federal district court "has the obligation to review sua sponte whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case.  Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011).

Plaintiff must also sufficiently plead the elements required for each cause of action alleged.  "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678

_____

[2] Federal diversity subject matter jurisdiction exists where the matter in controversy (1) exceeds the sum or value of $75,000 exclusive of interest and costs and (2) is between citizens of different states. See 28 U.S.C. § 1332(a).

(quoting Twombly, 550 U.S. at 570).   Although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even a pro se litigant must allege the essential elements of his claims for relief.   See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted); Tigner v. Internal Revenue Service, No.1:99-CV-789-TWT, 2000 WL 641614, at *1 (N.D. Ga. Mar. 24, 2000). Plaintiff's allegations have been the subject of two other actions filed (and dismissed) in this federal court: 6:13-cv-367-Orl-36DAB and 6:14-cv-1476-CEM-TBS.   In both cases, Plaintiff demanded a jury trial on issues related to the authenticity of the mortgage note, the subject of foreclosure, and her claim of homestead.   (Case No. 6:13-cv-367-Orl-36DAB, Doc. 1; Case No. 6:14-cv-1476, Doc. 1).

Plaintiff has been advised by this Court that it lacks jurisdiction to grant her relief from a judgment of foreclosure rendered in state court because to do so would violate the Rooker-Feldman[3] doctrine. See (Case No. 6:13-cv-367-Orl-36DAB, Docs. 3, 6; Case No. 6:14-cv-1476, Doc. 9).   One of this Court's decisions to dismiss Plaintiff's complaint for lack of jurisdiction was affirmed on appeal by the Circuit Court.   See (Case No. 6:13-cv-367-Orl-36DAB, Doc. 21).

All of the Defendants in this case are Florida state court judges.   Plaintiff has been informed that a judicial officer enjoys absolute immunity for acts committed while carrying out duties related to his or her judicial office.   See (Case No. 6:13-cv-367-Orl-36DAB, Docs. 3, 6) (citing Stump v. Sparkman, 435 U.S. 349 (1978); Lloyd v. Foster, 298 F. App'x 836, 840 (11th Cir. 2008)).   Plaintiff's current allegations are substantively no different than the allegations asserted in her two previously dismissed cases.   In each of these

_____

[3] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

three federal cases she has steadfastly attempted to obtain relief from a state court judgment of foreclosure.   The Court does not have jurisdiction to hear this case or grant the relief Plaintiff is seeking.

## Recommendation

For the foregoing reasons, I respectfully recommend that the district court:

1. **Deny** Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 3);

2. **Dismiss** the complaint with prejudice; and

3. Direct the Clerk of Court to **close** the case file.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 30, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Presiding United States District Judge
      Plaintiff
      Counsel of Record