UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GLORIA J. HOEGH,

      Plaintiff,

v.                                      Case No:  6:15-cv-118-Orl-18TBS

EMERSON R. THOMPSON, CYNTHIA Z.
MACKINNON, WILLIAM D. PALMER,
VINCENT G. TORPY, JR. and KERRY I.
EVANDER,

      Defendants.

_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Permission to Appeal *In Forma Pauperis*. (Doc 15).   Upon due consideration I **respectfully recommend** that the motion be **denied**.

## I. Background

This lawsuit is an outgrowth of a residential mortgage foreclosure action filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2003-CA-4252-O.   The state court Register of Actions shows that the case was initiated by U.S. Bank National Association on April 29, 2003.   The defendants included Plaintiff Gloria J. Hoegh who vigorously defended the action.   Circuit Judge Emerson Thompson presided at the May 26, 2011 non-jury trial.   It appears that the plaintiff prevailed because a notice of sale and proof of publication were docketed and unidentified defendants motioned the state court to strike the notice of sale.   On August 23, 2011, the foreclosure sale was cancelled after the clerk received notice that an unidentified party

had filed bankruptcy.   Appeal was also taken by an unidentified party or parties to the Fifth District Court of Appeal.

On March 3, 2013, Hoegh filed a complaint in this Court seeking relief under 42 U.S.C. § 1983 (Case No. 6:13-cv-367-Orl-36DAB, Doc. 1) (the "First Case").   In the First Case, she said she was not asking the Court to overturn the rulings by the state trial or appellate courts, but that she was entitled to damages based upon Judge Thompson's violation of her constitutional rights (Id., ¶ 4).   Specifically, she alleged that she was denied her right to a jury trial, Florida Circuit Judge Cynthia MacKinnon improperly granted a partial summary judgment, Judge Thompson granted the substitution of a new party plaintiff and signed an order of foreclosure without first taking testimony, the Florida Fifth District Court of Appeal accepted an appeal in which the wrong party was named as the plaintiff, and Fifth District denied Hoegh's petition for writ of mandamus (First Case, Doc. 1).   Hoegh sought to proceed *in forma pauperis* in the First Case (First Case, Doc. 2).   Upon review, Magistrate Judge Baker recommended that the motion be denied and that the First Case should be dismissed for lack of jurisdiction and because the state court judges enjoyed absolute immunity for actions taken within the function of their offices (First Case, Doc. 3).   District Judge Honeywell adopted and confirmed Judge Baker's recommendations and dismissed the First Case for lack of subject matter jurisdiction (First Case, Doc. 6).   Hoegh sought leave to appeal *in forma pauperis* and Judge Baker issued a report and recommendation that her motion be denied because her appeal was not taken in good faith (First Case, Doc. 11).   Judge Honeywell agreed, adopted the report and recommendation, and denied Hoegh's motion to appeal *in forma pauperis* (First Case, Doc. 13).

On March 11, 2013, someone filed a motion to reschedule the state court foreclosure sale and on March 18, 2013, the Fifth District Court of Appeal's mandate (holding unknown), was affirmed.   The foreclosure sale was rescheduled to June 18, 2013.   On the day of the sale, someone filed bankruptcy and the sale was cancelled. On October 7, 2013, the state court reset the foreclosure sale for November 7, 2013. The sale was completed and a certificate of sale was issued.   Objections to the sale were filed, a hearing was held, the objections were overruled, and the state court clerk issued the certificate of title on July 14, 2014.   On August 15, 2014, the state court ordered the issuance of a writ of possession, and Hoegh filed her notice of appeal that same day.   Hoegh's appeal was dismissed on September 2, 2014, the writ of possession was issued and posted on September 4, 2014.

Hoegh's complaint alleges that she still resides in the foreclosed property (Doc. 1, ¶ 2).   Her complaint includes a copy of a Final Summary Judgment in Favor of Defendant (i.e., Hoegh), that was entered on November 8, 2010 (Doc. 2 at 3-5).   The judgment recites that plaintiff willfully failed to appear at an October 20, 2010 hearing (Id. at 3).   In the judgment, Judge Thompson found that the promissory note upon which the state court action was based was a forgery, and he dismissed plaintiff's actions to reestablish the note and foreclose the mortgage with prejudice (Id. at 4).   The Register shows that there was a hearing on October 20, 2010 but, the judgment relied upon by Hoegh does not appear in the Register.   Hoegh alleges that the November 8, 2010 judgment is final, and concluded the state court case in her favor (Doc. 1, ¶¶ 12, 14).

She contends that the judgment divested the state court of jurisdiction and she complains that while lacking jurisdiction, Defendant Thompson granted City Property Holdings, Inc. a final judgment of foreclosure, which was upheld on appeal by

Defendants. Fifth District Court of Appeal Judges William D. Palmer, Vincent G. Torpy, and Kerry I. Evander (Id., ¶¶ 15-17).   On July 28, 2014, Hoegh filed a motion to vacate and void all judgments entered after November 8, 2010, which was stricken by the clerk of the state court (Doc. 2 at 58).

Hoegh has appealed the state court case to the Florida Supreme Court (Florida Supreme Court case 14-1578).   She also petitioned this court for a jury trial pursuant to 42 U.S.C. § 1983, as well as the 4th, 5th, and 14th Amendments to the Constitution (Doc. 1, ¶ 24).   The district judge referred the case to me and on January 30, 2015, I submitted my report and recommendation that this case be dismissed with prejudice for two reasons (Doc. 7).   First, this Court lacks jurisdiction to grant relief from a judgment of foreclosure rendered by a state court.   See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).   Second, all of the Defendants are Florida state court judges who enjoy absolute immunity for acts committed while carrying out duties related to their judicial offices.   See No. 6:13-cv-367-Orl-36DAB, Docs. 3, 6) (citing Stump v. Sparkman, 435 U.S. 349 (1978)); Lloyd v. Foster, 298 F. App'x 836, 840 (11th Cir. 2008)).   On February 19, 2015, the district judge adopted my report and recommendation and dismissed this case with prejudice due to its lack of subject matter jurisdiction (Doc. 12).   Plaintiff filed her notice of appeal on March 13, 2015 (Doc. 13). Her motion to proceed on appeal without the prepayment of fees is now before this Court (Doc. 15).

## II. Discussion and Recommendation

Section 1915(a)(3) states that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."   The law "is designed largely to discourage the filing of, and waste of judicial and private resources upon,

baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

An appellant satisfies the requirement that her appeal be taken in good faith when she asks the appellate court to review an issue that is not frivolous. Howard v. King, 707 F.2d 215, 220-21 (5th Cir. 1983). "The inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Id. at 220 (quoting Anders v. California, 386 U.S. 738 (1967); Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. 1982)). A lawsuit is frivolous if "'the plaintiff's realistic chances of ultimate success are slight.'" Ebron v. Immigration and Customs Enforcement, No. 3:12-cv-272-J-32JBT, 2014 WL 1364974, at *4 (M.D. Fla. April 7, 2014) (citing Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990)). An appeal that has no substantive merit is not taken in good faith. Lopez v. U.S., No. 13-00325-KD-B, 2014 WL 2873171, at *7 (M.D. Fla. June 24, 2014); Hunter v. Easterling, Civil Action No. 1:10-cv-302-ID, 2010 WL 3283366, at *1 (M.D. Ala. Aug. 18, 2010). Hoegh has not brought to the Court's attention, any law or facts to suggest that this Court has jurisdiction, or that her claims are not barred by the doctrine of judicial immunity. Accordingly, it is respectfully recommended that the district court **deny** Hoegh's motion and **certify** that her appeal in this case is not taken in good faith.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 15, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
*Pro se* Plaintiff
Counsel of Record